IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA

Jerry Lee Hairston, pro se
Virginia Center for Behavioral
Rehabilitation (VCBR)
4901 E. Patrick Henry Hwy.
Burkeville, Virginia 23922
Plaintiff

v.

Case # 19cv862

Jason Wilson, Director of VCBR
4901 E. Patrick Henry Hwy.
Burkeville, Virginia 23922
Defendant

Anita Schlanck, Clinical Director of VCBR
4901 E. Patrick Henry Hwy.
Burkeville, Virginia 23922
Defendant

Royace Baugh, Director of Resident Services for VCBR
4901 E. Patrick Henry Hwy.
Burkeville, Virginia 23922
Defendant

Brittany Pride, Safety Security Treatment Technican for VCBR
4901 E. Patrick Henry Hwy.
Burkeville, Virginia 23922
Defendant

Sarah Webster, Therapist/Supervisor for VCBR
4901 E. Patrick Henry Hwy.
Burkeville, Virginia 23922
Defendant

Omar Higgins, Therapist of VCBR
4901 E. Patrick Henry Hwy.
Burkeville, Virginia 23922
Defendant


RECEIVED
JUN 24 2019
CLERK, U.S. DISTRICT COURT
RICHMOND, VA

# TABLE of CONTENT

1). Exhibit-1, Facility Instruction No.709, "Observation Notes Policy,"

2). Exhibit-2, Facility Instruction No.205, "Resident Access & Amendment of Service Record.

3). Exhibit-3, Royace Baugh amendment of the Observation Note.

4). Exhibit-4, The 1st and 2nd Observation Notes written by Brittany Pride.

5). Exhibit-5, Royace Baugh response to my request.

6). Exhibit-6, Progress Report by Omar Higgins page-#1,#3,#4,#5.

7). Exhibit-7, Ella Turner, Investigator's response to request.

8). Exhibit-8, Anita Schlank's response to request form.

9). Exhibit-9, Request/letter to Jason Wilson.

Dr.Hughes Melton,Commissioner of Virginia Department of
Behavioral Health and Developmental Services(DBHDS)
122 Bank Street
Richmond, Virginia 23219
Defendant

## COMPLAINT WITH JURY DEMAND

### I. INTRODUCTION

1). This is a civil rights action filed by Plaintiff Jerry Lee Hairston,pro se a patient/resident civily committed to DBHDS, and hospitalized at VCBR . He is seeking damages and injunctive relief under 42 U.S.C. 1983 for deprivation of his civil right, alleging that staff of VCBR in conjunction with the Commissioner of DBHDS, has put in place a policy that is in violation of procedure and substantive due process rights afforded to him within the Fourteenth Amendment to the Constitution. Plaintiff is challenging the Facility Instruction No.709, "Observation Notes" policy, and Facility Instruction No.205, "Resident Access & Amendment of Service Records" policy. Plaintiff also includes Actual Malice and Defamation based on State Law §8.01-45 which arises from the same circumstances.

### II. JURISDICTION

2). The Court has jurisdiction over the Plaintiff's claim of violation of Federal Constitutional Rights under 42 U.S.C. 1331(1) and 1343 in that this action seeks to redress the deprivation, under color of State Law, rights secured by acts of Congress providing for equal rights of person within the jurisdition of the United States.

### III. PARTIES

3). The Plaintiff, Jerry Lee Hairston,pro se at all times relevant is detained at VCBR under civil commitment pursuant to Va. Code §37.2-900.

(2)

4). The Defendant Jason Wilson, at all times relevant is the Director of VCBR, he is sued in his individual and offical capacity.

5). The Defendant Anita Schlank, at all times relevant is the Clinical Director of VCBR, she is sued in her individual and offical capacity.

6). The Defendant Royace Baugh, at all times relevant is the Director of Resident Services VCBR, he is sued in his individual and offical capacity.

7). The Defendant Sarah Webster, at all times relevant is a Supervisor/Therapist of VCBR, she is sued in her individual and offical capacity.

8). The Defendant Omar Higgins, at all times relevant is a Therapaist of VCBR, he is sued in his individual and offical capacity.

9). The Defendant Brittany Pride, at all times relevant is a Safety Security Treatment Technican of VCBR, she is sued in her individual and offical capacity.

10). The Defendant Hughes Melton, at all times relevant is the Commissioner of DBHDS and VCBR, is sued in his individaul and offical capacity.

11). ALL OF THE DEFENDANTS HAVE ACTED, AND CONTINUE TO ACT UNDER COLOR OF STATE LAW AT ALL TIMES RELEVANT TO THIS COMPLAINT.

## IV. FACTUAL STATEMENT

12). On October 19, 2018 Omar Higgins was the Therapist over seeing me, he approach me on the unit with an observation note, which is to cover an event observed by a staff. The Policy Facility Instruction No.709, "Observation Notes", states "observation notes should not be considered "positive" or "negative" that they are a reflection of events occurring(**See Exhibit-1, Facility Instruction No.709, Obseravation Notes Policy**).

13). The observation note was written by Brittany Pride, she alleged on October 11,2018 at 11:09PM "As I was doing rounds on the top tier and checked room 14, I seen resident Hairston beating his penis." This observation note was reported as "Other sexual behavior," by Brittany Pride.

14). When I was confronted by Omar Higgins about the allegation, I denied this false allegation, and request this be removed from my record. Higgins's response was, "the treatment team" Anita Schlank,Clinical Director of VCBR, Sarah Webster,Supervisor of Omar Higgins, amoung other unknown staff, said, "they could not remove or do anything about the observation note, that I should file to have the observation note amended.

15). The Policy, Facility Instruction No.205, Resident Access & Amendment of Service Records. The purpose of this policy is to set forth guidelines for residents to see, read, and get a copy of their own Service Record and request to challenge or amend their Service Record. The amendment process is a document called, "Request for Correction/Amendment of Service Record." Asfor the observation note Brittany Pride wrote alleging what happen, the amendment document ask. "Please explain how you believe the entry is incorrect, incomplete, or not pertinent." "What do you believe the entry should state in order to be more accurate."(**See Exhibit-2, Policy Instruction No.205, Resident Access & Amendment of Service Record**).

16). As instructed by Omar Higgins, I submitted the amendment document to Royace Baugh, Director of Residential Service. I request the entry to be removed because the event never happen. Royace Baugh did not remove the observation note from my record, but he amend it to other, stating the reason for him doing this is that, "the observation note by Brittany Pride was determine to have discrepancies which were not accurately documented.
**(See Exhibit-3, Royace Baugh amendment of the observation note).**

17). Although the observation note was not removed from my record by Royace Baugh, he did amend it to other, meaning it is nolonger marked as a sexual behavioral, so plaintiff at no time received a Major Rule Infraction for the observation note.

18). After the amendment was done, Omar Higgins went to Brittany Pride and requested/instructed her to rewrite the observation note, because as Higgins report, "the observation note's content and context was unclear and vague. This was done after he had already told me to file an amendment to the observation note. Brittany Pride rewrote the observation note, recanting her allegation. In this observation note Pride alleged the event happen October 11, 2018, at 11:00PM, Observation Type: Hands in pants. The new rewritten allegation state, "while I was doing my wellness check on the top tier I approached room 14, which is resident Hairston's room. Iobserved Mr. Hairston with his hands in his pants and moving around his groin area."
**(See Exhibit-4, The 1st and 2nd Observation Notes written by Brittany Pride).**

19). Brittany Pride wrote another observation note after Royace Baugh amended the observation note from October 11, 2018, on November 6, 2018, at 12:00AM. Brittany Pride recanting her first allegation, rewritting another observation note but dating it as October 11, 2018, and the time as 11:00PM, 9 min. earlier than her first reported observation note.

20). After learning the observation note had been rewritten, I put in another amendment in to Royace Baugh with a request form attached questioning the rewriting of the observation note.
**(See Exhibit-5, Royace Baugh response to my request).**

(5)

21). I addressed this issue with Omar Higgins as to why he request Pride to rewrite the observation note? His resonse was, "its content and context was unclear and vague." When it was rewritten and marked the Observation Type as, "hands in pants." Anita Schlank,Clinical Director, Sarah Webster,Supervisor, Omar Higgins,Therapist and other unknown staff forming a Treatment Team concluded that the narrative of the rewritten observation note depicts inappropriate sexual behavior, and because of the observation note I was demoted to Phase One of the program starting over which is a penalty and punishment.(See **Exhibit-6, Progress Report by Omar Higgins four pages #1,#3,#4,#5**).

22). I sent Ella Turner,Investigator a request about the matter, she informed me to continue to communicate my concern with the treatment team.(See **Exhibit-7. Investiator's response to request**).

23). I spoke with Royace Baugh in the hallway concerning what was done to me, I was told by him,"I amended the observation note as far as what the treatment team done, she (Schlank) is the boss.

24). I wrote Anita Schlank,Clinical Director, requesting to meet with her, Omar Higgns, Royace Baugh, and Ella Turner. This request to meet was refused by Anita Schlank.(See **Exhibit-8. Anita Schlank's response**).

25). Information of the plaintiff's sexual history, plaintiff was convicted of rape in 1990, almost 30 years ago. Plaintiff has never had a report of indecent exposure, lewd act, no sexual acting out at all! I wrote Jason Wilson,Director of the facility to do something about this, his resonse was that if I disagree with the observation note,I could submitt a statement of disagreement to Resident Records. (See **Exhibit-9, Request/letter to Jason Wilson**).

26). Observation notes has severe consequences, and due to the observation note of a false allegation reported by Brittany Pride who recanted a report, followed by the Director Wilson, Clini-

(6)

cal Director Schlank, Supervisor Webster, Therapist Higgins and other unknown staff that was not present during the event, and did not observe the event, later made a determination of what the documenttation of the event was about, causing a negative impact. This impact cause plaintiff to be demoted to restarting the program, losing pay from my job, loses of many other privileges, most importantly this false allegation without in-between due process follow me to court as a true event.

27). Facility Instruction No.709,"Observation Notes" policy state, **Observation Notes should not be considered "positive" or "negative", they are a reflection of events occurring.**

28). Facility Instruction No.205, "Resident Access and Amendment of Service Records," the policy provide for an observation note to be altered, but never removed. Resident are only allowed to write that they disagree with an entry, amendments are either accepted or denied by one preson; Royace Baugh, even when accepted and amended, the report still remain for judgment by the reader.

29). VCBR is using the Observation Notes as a disciplinary system, that deny resident the right to call and examine witness during their observation hearing, **which is none**, that violate due process. There are no recorded hearings, you are not allowed to call witness, or face your accuser. You are not even afforded the opportunity to appear in front of the one preson who decide your out come, Royace Baugh, Director of Resident Services.

30). The amendment form does have a statement of how to submit a statement of disagreement, however, there is no notification provided about your rights to request disclosure of the request denial. Nor is there any notification provided on how to complain to the provider or the Secretary of Health and Human Services. The facility has excluded any complaints about records amendment from the Human Rights complaint procedure. So the right to complain has been denied, not even a appeal process is in place on the policy of observation notes.

(7)

31). These observation notes are in fact infractions that have consequences, a huge impact on my life, they determine my progress in treatment, my ability to gain or loss privileges, beingplaced on restrictions, jobs and pay lost, and most importantly they impact my release, because the observation notes are presented in court against me as negative behaviors.

32). I have personally suffered from the false allegation of an observation note, it was used in my court hearing whivh had an affect on my release from VCBR, I lost pay on my job because restrictions were placed on the hours I could work, I was demoted to Phase One, losing all Phase Two privileges, and have in my report that I have no control of my sexual urges, defaming my reputation, and causing me to remain in Phase One for six months or more.

33). The policy of observation notes is without due process rights which is so fundamentally important as to require compliance with due process standards of fairness and justice, this policy do not come close to even affording me the minimal requirements of procedural due process. The Supreme Court has ruled that fundamental guarantees of due process apply to childen as well as adults, even prisoners as well as patients, I hope? VCBR policy deny me this constitutional right to the Fourteenth Amendment, which is a violation of my rights.

34). Because I have been denied due process, my liberty interest has been gravely affected, causing me continuous personal, mental and physical injury, VCBR's de facto policy denying patients the right to call and examine witness during the observation note process violated due process. Their de facto policy of not calling witness do not meet the requirement of due process. The observation note is in fact a affidavit a statement that what is reported is true, and recanting the account of the event is questionable to the report?

(8)

## V. CLAIM OF RELIEF

35). Plaintiff is challenging the following Policies that the Virginia Department of Behavioral Health and Development Services **(DBHDS)** has created, and is being inforced by the Virginia Center for Behavioral Rehabilitation **(VCBR)**. Facility Instruction No.709,"Obseravtion Notes", and Facility Instruction No. 205,"Resident Access & Amendment of Service Records."
The defendants created a policy under which unconstitutional practices occrred. These policies are unconstitutional as written and as applied because they fail to provide any safeguards of due process, which is a violation of procedural and substantive due process rights afforded to plaintiff within the Fourteenth Amendment to the United Stayes Constitution. Also under the Eighth Amendment to the Constitution of Unites States, staff here at VCBR have violated it with clear deliberate indifferent with negligence **(carelessness)** and actual malice **(intend to cause harm)**. That is, it amounts to recklessness, that is shown by staff's bad motives or attitudes.
**Plaintiff include a state Tort Claim for Personal Injury of Defamation.**

36). Brittany Pride made a false allegation of a sexual act/behavior, an allegation that was of humiliation, embarrassment, and permanent stigma. She made this report by way of an observation note,(which can be received as an affidavit) and as stated by the policy, "observation notes are sent directly to all individuals involved in the treatment team of the individual in expeditious manner." This harmful act to my reputation as reported was then recanted. But the damage had already been done because the publication of the false recanted allegation was already being circulated throughout the facility, making one believe I am an exhibitionis. Brittany Pride's observation note not only defame my reputation with the first observation note, but went on to write another observation note, making another false allegation, and giving another account. Which was continued defamation, because both allegation is published for public

access because it follows me to court every year. Because of Brittany Pride's false allegations, I have suffered personal, mental and physical injury. I was overwhelm with the stress of trying to have this false allegation removed from my record, when it was not, I suffered a great fear of having to go to court with this still on my record. I am very depressed about the demotion, and other psychological impacts, plaintiff was deprived of liberty and suffering serious physical, mental and emotional injury.

37). Omar Higgins, Sarah Webster and Anita Schlank violated my Fourteenth Amendment by denying me the basic due process right to hear and be heard. They go on to introduce false evidence into my progress report; reporting with the guidance from supervisors Omar Higgins report/published "Hairston was observed by a staff masturbating in his room." Any report from Brittany Pride simular to what Omar Higgins report was recanted. The published report was humilating and embarrassing, having to face female staff made me feel ashame when I hadn't done anything, this had a psychological impact because I feel helpless to do anything about what has been done to me, I do not sleep well, and I stress still about getting this report out of my record.
Their actions are also actual malice and defamation, because the intentional wrongful act is without justification. With respect to slander and libel, malic they still report a false allegation when they know it to be false, or they just reckles disregard the truth of falsity of it. Plaintiff was erroneously deprived of liberty and suffered serious physical and emotional injury.

38). Royace Baugh had a duty of being an impartial decision maker, Royace Baugh, as Director of Resident Service, had the duty to look into the rewriting of the observation note that had become an infraction rather than an observation. Hairston never received a major rule infraction, which would have lead to a privilege level drop for the behavioral allegaed. The observation note was carried out in way of an infraction. Royace Baugh

showed deliberate indifference in ignoring the second observation note, not fully investigating the matter. Royace Baugh know Facility Instruction No.709, Policy on Observation Notes should not be considered "positive" or "negative".
When Plaintiff informed Royace Baugh of the punishment received from the observation note, Facility Instruction No.205, Policy on Resident Access & Amendment of Service Record, a amendment document must be filed with the Director of Resident Service, who is Royace Baugh. Because of Royace Baugh failure to do anything about the observation note, Plaintiff suffered mental anguish and misery because no one is willing to correct a clear wrong, leaving Plaintiff to feel totally helpless. Plaintiff was deprived of liberty and suffered serious physical and emotional injury.

39). Omar Higgins, Sarah Webster, and Anita Schlank concluded that the narrative of the observation note depicts inappropriate sexual behavior, that decision was based on the rewritten observation note, and not the first that was reported as a sexual behavior, but recanted that allegation. Policy #709 on observation notes state, "Observation Notes are to be written objectively and should not include assumptions or interpretations on the of the writer. The treatment team is doing just that, reaching their own conclusion, no due process was afforded me, a violation of my Fourteenth Amendment rights, results of defendants failure, plaintiff was deprived of his liberty and suffered serious physical, mental and emotional injury.

40). Anita Schlank as clinical director over seeing the treatment team when I requested to have a meeting with her, Royace Baugh, Omar Higgins and Ella Turner about the false allegation, and what has been put in my progress report. Anita Schlank as head over the treatment team refuse to meet, or talk to me about the issue, this was a Fourteenth Amendment violation of me due process rights, also an Eighth Amendment violation of deliberate indifferent. Her written response simply adopted what the staff Brittany Pride reported in her second observation note,

(11)

very much saying that I am guilty as written by Brittany Pride. Anita Schlank striped me of my dignity, that without an investigation, and no evidence, also accused me of a behavioral I did not do. Plaintiff is currently suffering mental, physical and emotional injury.

41). Jason Wilson, Director of Facility, Plaintiff addressed this whole matter to him in a request, with a three page letter, he disregarded all I said offering this simple response, "I support clinical decision of your treatment team, if you still disagree with the observation note, you can submit a statement of disagreement to Resident Records." Who is defendant Royace Baugh. Jason Wilson did not afford plaintiff any due process procedure, which is a Fourteenth Amendment violation, he also failed to act and intervene on his knowledge of a known and foreseeable substantial risk of serious harm to the plaintiff, violating his Eighth Amendment right to be free from deliberate indifference to his safety, as a result of defedant Jason Wilson's failure, plaintiff was deprived of his liberty and suffered serious physical, mental and emotional injury.

42). Hughes Melton, as Commissioner over VCBR has a duty to have policies in place that afford all residents due process for a fair procedure in any situation. Hughes Meiton has failed to put any safeguards in place to protect resident from being denied due process, which violate the Fourteenth and Eighth Amendment, depriving me of liberty, and causing serious physical, mental and emotional injury.

## VI. RELIEF REQUESTED

43). Wherefore, plaintiff request that the court grant the following relief:

Issue a Declaratory jugdement stating that: Defendant Jason Wilson violated Plaintiff rights under the due process clause of the Fifth and Fourteenth Amendment to the United States Constitution by allowing a policy,(**Facility Instruction No.709, "Observation Notes"**) to be used as a form of disciplinary actions, denying plaintiff of any due process; there are no hearing or proceeding which

is unfair and the plaintiff's liberty to be erroneous deprived because of unfair procedure.

44). Declare that defendant Jason Wilson violated plaintiff's Fourteenth Amendment, and Eight Amendment rights when he failed to act and intervene to protect him from a foreseeable and known substantial risk of harm, violating due process, and showing a deliberate indifference to his safety.

45). Declare that defendant Anita Schlank violated plaintiff's Fourteenth and Eighth Amendment rights when she failed to act and intervene to protect him from foreseeable and known substantial risk of harm, violating due process, and showing a deliberate indifference to his safety.

46). Declare that defendant Royace Baugh violated plaintiff's Fourteenth and Eighth Amendments rights when he failed to act and intervene to protect him from foreseeable and known substantial risk of harm, violating due process, and showing a deliberate indifference to his safety.

47). Declare that defendant Sarah Webster violated plaintiff's Fourteenth and Eighth Amendment rights, by instructing Omar Higgins to publish a false recanted allegation as true. Defendant also committed particual malice, she failed to protect plaintiff from foreseeable and known substantial risk of harm, showing deliberate indifference and malice to his safety.

48). Declare that defendant Omar Higgins violated plaintiff's Fourteenth and Eighth Amendment by failure to provide plaintiff any kind of due process hearing. Defendant also violated State Law § 8.01-45 of Actual Malice and Defamation; defendant direct participation of directing Brittany Pride to make another false allegation, after recanting the first. This conduct showed a callous indifference to his rights. Omar Higgins's action failed to protect plaintiff from a known substantial risk of harm to his safety.

49). Declare that defendant Brittany Pride filed a false allegation report against plaintiff, and then recanted her report. Her report can be received as an affidavit to the facts reported. After recanting the report, she then followed instruction to rewrite the observation note, she done so giving another account of the event. Both allegations defamatory to plaintiff, and malice which violate State Law § 8.01-45, because defendant's actions plaintiff was embarrassed, humiliated, and suffered mentally. Defendant was aware of the substantial risk of harm to his safety.

50). Declare that defendant Hughes Melton, Commissioner of DBHDS has allowed a policy to be put in place that is unconstitutional as written and as applied. It deprive plaintiff's due process, a Fourteenth Amendment right, and the continuous of this policy violate the Eighth Amendment, showing deliberate indifference to his mental health and safety.

51). Issue an injunction ordering defendants Hugdes Melton and Jason Wilson to put a policy in place that do not violate plaintiff's due process of fair procedure.

52). Immediately arrange to have plaintiff's record expunged of the false allegation made in all reports associated with Brittany Pride, and Omar Higgins.

53). Award compensatory damages in the following amounts:

54). $75,000.00 jointy and severally against defendants Hudges Melton, Jason Wilson, Anita Schlank and Royace Baugh for the physical and emotional injury sustained as a result from denial of due process in connection with Facility Instruction No.709, "Observation Notes" policy. Failure to act and intervene to a known and foreseeable harm to the plaintiff being deliberately indifferent to his safety, and mental health.

55). $40,000.00 jointly and severally against defendants Sarah Webster and Omar Higgins for the physical and emotional injuries

sustained as a result of plaintiff being erroneously deprived of his liberty, and emotional and physical injury resulting from deliberate indifference and denial of due process in connection with a recanted false allegation made in a observation note, and instructing staff to make anonther false claim by re-writting a observation note about another event.

56). $30,000.00 jointly and severall against defendant Brittany Pride for the physical and emotiona injuries sustained as a result plaintiff being erroneously deprived of his liberty, and emotional and physical injury resulting from two false allegations by way of a observation notes that amounted to defamation and malice, a violation of State Law § 8.01-45.

57). Award punitive damages in the following amounts:

58). $25,000.00 each against defendant Hudges Melton, Jason Wilson, Anita Schlank and Royace Baugh.

59). $15,000.00 each against defendant Sarah Webster and Omar Higgins.

60). $10,000.00 against Brittany Pride.

61). Grant such other relief as it may appear that plaintiff is entitled.

Respectfully submitted... *Jerry Lee Hairston*

Pursuant to 28 U.S.C. 1746, I declare under penalty of perjury that the following is true and correct.

## PERSONAL ACTION TORT CLAIM

The is a personal action tort of State Law § 8.01-45 for defamation, malice and intentional misconduct resulting from the act of the defendants Brittany Pride and Omar Higgins making false allegation, and then publishing them as true when the first false allegation was recanted. The action of the two, in publishing the false allegations make them libel, defaming me, injuring my reputation, which in proximately cause the deprivation of plaintiff's liberty and those damages, for the physical, mental and emotional injuries caused and sustained on behalf of the conduct and actions of Brittany Pride and Omar Higgins.

Plaintiff Jerry Lee Hairston is seeking damages in the amount of $35,000.00 for the emotional and physical injuries sustained due to the false allegation, defamation and malic committed by Brittany Pride and Omar Higgins, causing him to be erroneously deprived of his liberty, the plaintiff is also seeking $30,000.00 in punitive against the defendants.

Respectfully submitted,

*Jerry Lee Hairston*

Pursuant to 28U.S.C. 1746, I declare under penalty of perjury that the following is true and correct.

**ADDENDUM:**

Addendum Date: 06/15/2019

Addendum Comments:

   As a caregivers defendants Anita Schlank, Sarah Webster and Omar Higgins has committed concurrent neligence, and as Clinical Director of VCBR, Anita Schlank failed to protect plaintiff from the injury received from a false allegation that was recanted by the staff reporting, and as a Supervisor, Sarah Webster gave guidance to Therapist Omar Higgins to report a false allegation, and then publish it. The result caused plaintiff a great deal of emotional distress.
I continue to experience personal suffering caused by the intentional or negligent actions of the defendants.
Collectively the defendants deliberately falsely stated, "plaintiff can not control his sexual urges", that a staff report he was masturbating in his room, later recanting that report by the staff making the report. Result of the three caregivers neglect and negligence, caused plaintiff to be deprived of liberty and suffered serious physical and emotional injury.
Please allow me to add neglect and negligence to my claim against the three defendants in this addendum, as part of my Claim of Relief. Compensatory damages, and Punitive damages remain the same as requesred.
Grant such other relief as it may appear that plaintiff is entitled.

Respectfully submitted,

*Jerry Lee Hairston* (signature)
Jerry Lee Hairston

   Pursuant to 28 U.S.C. 1746, I declare under penalty of perjury that the following is true and correct.

(17)

## CERTIFICATE OF SERVICE

I hereby certify that on this <u>20</u> day of June, 2019, I mailed the foregoing 1983 Civil Claim/State Law Claim in support of Jerry Lee Hairston's claims, to the Clerk of Court at: United States District Court, Office of the Clerk, 701 East Broad St., Suite 300, Richmond, Va. 23219-3528.

By: *Jerry Lee Hairston*
<u>Jerry Lee Hairston, pro se</u>
4901 E. Patrick Henry Hwy.
Burkeville, Va. 23922